UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

NAOMI GARZA,

      Plaintiff,

vs.

EXPRESS SCRIPTS, INC.,

      Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, NAOMI GARZA, by and through her undersigned counsel, and sues the Defendant, EXPRESS SCRIPTS, INC., and alleges as follows:

## INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

7. The Plaintiff was an employee for the Defendant since July 2017, as a Patient Care Advocate.

8. However, due to a medical condition, the Plaintiff was placed on leave in accordance with the FMLA.

9. However, Plaintiff was denied payment for bonuses that she had earned on account of the fact that she was not then currently working since she was on FMLA leave.

10. The entire purpose of the FMLA is for employees to be able to attend to their health issues without losing any of the benefits of their employment, which the Defendant did here.

11. Further, just two days after returning from FMLA leave in August of 2019, Defendant terminated Plaintiff for falsifying surveys due to a company-wide audit, and terminated her employment.

12. However, this was pretextual as the Defendant had no policy in place for termination due to falsifying surveys and there was no evidence that Plaintiff was selected for termination due to this audit.

13. Moreover, Plaintiff never falsified any surveys.

## COUNT I

## FMLA INTERFERENCE

14. The Plaintiff incorporates by reference paragraphs 1-13 herein.

15. At all times material to this lawsuit, the Plaintiff was entitled to full benefits under the FMLA, including the receipt of an earned bonus.

16. The Defendant unlawfully interfered with the Plaintiff's exercise of her FMLA rights by failing to provide her bonus due to her being out on FMLA leave.

17. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages under the FMLA.

18. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, NAOMI GARZA, requests that judgment be entered against the Defendant, EXPRESS SCRIPTS, INC., for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

## FMLA RETALIATION

19. The Plaintiff incorporates by reference paragraphs 1-13 herein.

20. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

21. As a result of this exercise of the FMLA, the Defendant intentionally, willfully and unlawfully retaliated against the Plaintiff, in violation of the FMLA.

22. That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's FMLA coverage.

23. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

24. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, NAOMI GARZA, requests that judgment be entered against the Defendant, EXPRESS SCRIPTS, INC., for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: December 23, 2019.                    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920